UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | COMPLAINT AND JURY |
| | ) | TRIAL DEMAND |
| NORRIS AUTOMOTIVE HOLDINGS, | ) | |
| LLC d/b/a/ NORRIS FORD | ) | |
| 901 Merritt Blvd, Dundalk, MD 21222: | ) | |
| Defendant. | ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation to provide appropriate relief to Barbara K. Dabbs and Christina Humphreys-Kornestra, who were adversely affected by such practices.  The Commission alleges that  Ms. Dabbs and Ms. Humphreys-Kornestra were subjected to unwelcome sexual advances, and other verbal and physical conduct of a sexual nature constituting sexual harassment by Defendant's Manager David Wiemer.  This sexual harassment was sufficiently severe and pervasive enough to alter the conditions of Ms. Dabbs' and Ms. Humphreys-Kornestra's employment and to create a sexually abusive hostile working environment.  The Commission further alleges that Ms. Dabbs and Ms. Humphreys-Kornestra were discharged on the basis of their sex, female, and in retaliation for complaining and otherwise opposing the sexual harassment.

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2.      The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the District of Maryland.

<u>PARTIES</u>

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C., Section 2000e-5(f)(1).

4.      At all relevant times, Defendant, Norris Automotive Holdings, LLC d/b/a/ Norris Ford (the "Employer"), has continuously been a corporation doing business in the State of Maryland and the City of Dundalk, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

<u>STATEMENT OF CLAIMS</u>

6.      More than thirty days prior to the institution of this lawsuit, Barbara K. Dabbs and

Christina Humphreys-Kornestra, filed charges with the Commission alleging violations

of Title VII by Defendant Employer.  All conditions precedent to the institution of this

lawsuit have been fulfilled.

7.      Since at least August 2003, Defendant Employer has engaged in unlawful

employment practices at its Dundalk, Maryland facility, in violation of Section 703(a)(1)

of Title VII, 42 U.S.C. Section 2000e-2(a)(1).  The practices include subjecting Barbara

K. Dabbs and Christina Humphreys-Kornestra to a sexually hostile working environment,

including voyeuristic, lewd and sexually suggestive advances, comments and actions by

Defendant's Manager, David Wiemer, and discharging them on or about August 19,

2004, on the basis of their sex, female.

8.      On or about August 19, 2004, Defendant Employer engaged in unlawful

employment practices at its Dundalk, Maryland facility, in violation of Section 704(a) of

Title VII, 42 U.S.C. §§2000e-3(a). The practices include Defendant Employer's

discharge of Barbara K. Dabbs and Christina Humphreys-Kornestra for complaining and

otherwise opposing the sexual harassment.

9.      The effect of the practices complained of in paragraph numbers 7 and 8, above

has been to deprive Barbara K. Dabbs and Christina Humphreys-Kornestra of equal

employment opportunities and otherwise adversely affect their status as employees

because of their sex, female, and for opposing practices made unlawful under Title VII.

3

10.     The unlawful employment practices complained of above were intentional.

11.     The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Barbara K. Dabbs and Christina Humphreys-Kornestra.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its owners, officers, agents, employees, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B.      Grant a permanent injunction enjoining Defendant Employer, its owners, officers, agents, employees, successors, assigns, and all persons in active concert or participation with it, from engaging in reprisal or retaliation against any person because such person opposed any practice made unlawful under Title VII or participated in any manner in an investigation, civil action, or other proceeding under Title VII.

C.      Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant Employer to make whole Barbara K. Dabbs and Christina Humphreys-Kornestra by providing appropriate back pay with prejudgment interest, in

amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.      Order Defendant Employer to make whole Barbara K. Dabbs and Christina Humphreys-Kornestra, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.      Order Defendant Employer to make whole Barbara K. Dabbs and Christina Humphreys-Kornestra, by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, shock, anxiety, humiliation and loss of enjoyment of life in amounts to be determined at trial.

G.      Order Defendant Employer to pay Barbara K. Dabbs and Christina Humphreys-Kornestra punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper.

I.      Award the Commission its costs in this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

_____/s/_____
JACQUELINE H. MCNAIR
Regional Attorney


\_\_\_\_\_/s/_____
DEBRA M. LAWRENCE
Bar No. 04312
Supervisory Trial Attorney


\_\_\_\_\_/s/_____
CECILE C. QUINLAN
Bar No. 06072
Trial Attorney


EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Flr.
Baltimore, MD  21201
(410) 962-4239